Filed 4/2/13  P. v. Carter CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B243415 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA105249) |
| v. | |
| WILLIAM CARTER, | |
| Defendant and Appellant. | |

THE COURT:[*]

A jury found appellant William Carter guilty of second degree robbery (Pen. Code, § 211),[1] and that his crime was gang related (§ 186.22, subd. (b)(1)(C)).  The trial court found that appellant had admitted to suffering a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and serving four prior prison terms (§ 667.5, subd. (b)).  Appellant was sentenced to 24 years in state prison, which consisted of the upper term of five years for the robbery conviction doubled to 10 years for the prior strike conviction, plus 10 years for the gang enhancement, plus four years for the prior prison term enhancements (one year for each prior prison term).  Appellant appealed the judgment, and this court determined there was insufficient evidence to support the trial

---

[*]      BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

court's finding that appellant had admitted the priors alleged against him. We vacated appellant's sentence and remanded the case for a new trial on sentencing. (*People v. Pious* (June 23, 2011, B223750) [nonpub. opn.].)

On remand, the trial court held a bench trial and determined the evidence was sufficient to support the findings that appellant had suffered one prior felony strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and four prior prison terms (§ 667.5, subd. (b)). The trial court sentenced appellant to the same 24-year sentence, and this current appeal followed.

We appointed counsel to represent appellant on appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On December 24, 2012, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

We have examined the entire record and conclude that it provides a factual basis to support the sentence. At the new sentencing trial, Lynda Johnson, an experienced paralegal for the Los Angeles County District Attorney's Office, testified that she is familiar with "priors packets" prepared by the California Department of Corrections and Rehabilitation, also known as "969B packets." She reviewed People's exhibit 2, a 969B packet for appellant, which contained four abstracts of judgments for convictions suffered by appellant showing: (1) a felony conviction on September 4, 2002, for possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a), with a sentence of one year four months (case No. TA066314); (2) a felony conviction on May 4, 1999, for possession of a firearm by a convicted felon in violation of former section 12021, subdivision (a)(1), with a sentence of two years (case No. TA101215); (3) a felony conviction on December 4, 1996, for possession for sale of cocaine in violation of Health and Safety Code section 11351, with a sentence of two years (case No. YA027843); and (4) a felony conviction on April 8, 1994, for possession of a firearm by a convicted felon in violation of former section 12021, with a sentence of one year four months (case No. TA029751).

Ms. Johnson also reviewed additional exhibits: People's exhibit 3, which contained certified documents from the Department of Justice including a fingerprint card for appellant and a disposition showing an arrest date of February 12, 1992; People's exhibit 4, which contained a certified juvenile petition filed in case No. YJ00938 alleging that appellant was arrested on February 12, 1992, for assaulting a peace officer with a firearm in violation of section 245, subdivision (a)(2), a felony, and a firearm enhancement pursuant to section 12022.5, subdivision (a); and People's exhibit 5, a minute order sustaining the petition and placing appellant in the Camp Community Placement Program for a minimum of 10 months.

Because there was a dispute as to whether appellant had been in custody during the five years prior to his current offense, the People subsequently had admitted into evidence People's exhibit 6, a certified court document for case No. YA072101, which showed appellant had a felony conviction on June 17, 2008, for a violation of Health and Safety Code section 11360, subdivision (a), with a sentence of two years.

Wu Liang Huang, a fingerprint identification expert, testified that she took appellant's fingerprints on the first day of the new sentencing trial and compared them with the fingerprint cards in appellant's 969B priors packet and with the fingerprint card in People's exhibit 3, and determined that they all matched.

We are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.